SASSAN J. MASSERAT, SBN 231104
SMasserat@MasseratLaw.com
**MASSERAT LAW GROUP**
8383 Wilshire Blvd. Ste. 210
Beverly Hills, California 90211
Telephone: (310) 895-7410
Facsimile: (310) 943-2315

Attorneys for Plaintiff
REZA SHARIFZADEH, an individual

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA SHARIFZADEH, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>FRED CHAMANARA, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:19-CV-8264<br><br>**COMPLAINT FOR:**<br><br>**1) BREACH OF WRITTEN CONTRACT;**<br><br>**2) BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING.** |

Plaintiff REZA SHARIFZADEH, an individual residing and doing business in this District ("<u>Plaintiff</u>" or "<u>Landlord</u>") complains and alleges as follows:

## BACKGROUND ALLEGATIONS

**A.   THE PARTIES**

*1.*   Plaintiff is, and at all relevant times mentioned in this pleading was, an individual residing in the County of Los Angeles, State of California.

*2.*   Plaintiff is, and at all relevant times mentioned in this pleading was, an individual doing business in the County of Los Angeles, State of California.

*3.*   Plaintiff is informed and believes, and on that basis alleges, that defendant FRED CHAMANARA ("<u>Defendant</u>" or "<u>Tenant</u>") was at all relevant times an individual conducting business in the County of Los Angeles, State of California.

*4.*   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this pleading, the defendants named in this pleading as DOES 1 to 20 were

residents of and/or doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes, and on that basis alleges, that each DOE defendant is legally responsible in some manner or means for the events and happenings referred to in this pleading and proximately caused the harm and damages to Plaintiff as alleged.

*5.* The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named as DOES 1 to 20 are unknown to Plaintiff at this time and therefore Plaintiff sue those defendants by the use of such fictitious names. Plaintiff will seek leave to amend this pleading to insert the true names and capacities of those DOE Defendants when the names and capacities become known to Plaintiff.

*6.* For purposes herein, defendants FRED CHAMANARA, and Does 1 through 20, inclusive, are collectively referred to as "<u>Defendants</u>".

## B. JURISDICTION AND VENUE

*7.* The unlawful acts and violations alleged in this pleading were committed by the Defendants in the County of Los Angeles, State of California or had their effects in this judicial district. The real property subject of this action is also located in the County of Los Angeles, State of California.

*8.* The damages sought exceed the minimum jurisdictional limits of the Court. The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of costs and interest.

*9.* This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. Section 1332 because Plaintiff REZA SHARIFZADEH is a resident of California, and no other parties to this action also presently reside in California. Plaintiff is the sole California citizen. All Defendants reside in other states and/or are citizens of other states. Because Plaintiff resides in a different state than Defendants and the amount in controversy exceeds $75,000, this action is properly before this Court.

*10.* This Court also has jurisdiction over the parties because pursuant to the written agreement that forms the basis of the underlying dispute, Plaintiff REZA SHARIFZADEH and Defendant FRED CHAMANARA agreed to adjudicate all disputes arising out of the written

1 agreement in California, by applying California law, infra.

2   *11.* Pursuant to 28 U.S.C. Sections 1391, subdivision (b)(2) and (c)(2), venue is proper in this district because a substantial part of the events giving rise to this lawsuit occurred in this judicial district.  Further, venue is also proper in this court because Defendants were tenants at, and/or occupied that certain real property and premises located in this district, infra, and because at all relevant times hereto, Defendants had extensive contacts with, and conducted business with this judicial district and have caused Plaintiff to sustain damages, as described herein.

**C.** **THE REAL PROPERTY AND PREMISES SUBJECT OF THIS ACTION**

  *12.* Since approximately February 2017, at all times relevant to this action, and until approximately May 2019, Defendant FRED CHAMANARA was a tenant/lessee at that certain property located at **8471 Beverly Blvd., Suite 201, Los Angeles California** (hereafter, the "Premises"), which Premises were rented to Defendants by Plaintiff REZA SHARIFZADEH.

  13. Originally, Tenant rented and occupied the Premises pursuant to that certain written lease entered into with Plaintiff REZA SHARIFZADEH, on or about February 12, 2017 (the "Lease"), for the initial term of ten years, that is until June 30, 2026, at the monthly rental rate of $10,000.

  14. Due to circumstances that remain suspicious, Tenant subsequently induced Plaintiff REZA SHARIFZADEH to enter into an amended lease, pursuant to which Tenant reduced the term of its tenancy from the initial term of ten years to five years (terminating on June 30, 2022) at the reduced monthly base rent of $8,000.00, with a 3% annual increase, plus a certain percentage payable to Plaintiff REZA SHARIFZADEH, out of your net business income derived from the Premises (the "Lease, as amended").  A true and correct copy of the Lease, as Amended is attached hereto, and incorporated herein by this reference, as Exhibit "A".

**D.** **PREMATURE TERMINATION AND DAMAGE TO PREMISES**

  15. In or about April 2019, Defendants abandoned the Premises, without any prior notice or negotiated (or otherwise documented) arrangement with Plaintiff REZA SHARIFZADEH.

  16. In its premature departure, Defendants did not pay in full the monthly rent for the

period of May 2019, or for any period thereafter over the remaining term of the Lease, as Amended (i.e., until June 2022).

17. Upon Defendants' premature departure, Plaintiff REZA SHARIFZADEH found the Premises in a state of disarray and unacceptable condition, in breach of the Lease, as Amended.

18. Due to Defendants' breach of contract, Plaintiff REZA SHARIFZADEH has suffered damages, which Defendant FRED CHAMANARA has failed or refused to address or even acknowledge, as Defendant FRED CHAMANARA utterly ignored Plaintiff REZA SHARIFZADEH's attempts to informally resolve the dispute at hand.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

(Against FRED CHAMANARA, an individual; and Does 1 through 20)

19. Plaintiff REZA SHARIFZADEH re-alleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 18 as though set forth in full herein.

20. Upon execution, delivery and acceptance of the Lease and the Lease, as Amended, and enjoyment of the Premises by Plaintiff REZA SHARIFZADEH, Defendants made verbal and/or written promises to pay Plaintiff REZA SHARIFZADEH the monies owed to Plaintiff REZA SHARIFZADEH pursuant to the Lease, as Amended (also referred herein as to the "AGREEMENT").

21. Plaintiff REZA SHARIFZADEH has performed all conditions, covenants, and promises legally required on its part to be performed in accordance with the terms of the AGREEMENT except for those conditions, covenants, and promises which were excused by the Defendants, and/or conditions, covenants, and promises which Plaintiff REZA SHARIFZADEH was prevented from performing by the acts or omissions to act on the part of the Defendants and/or Defendants' agents/representatives.

22. Defendants, and each of them, have breached the AGREEMENT by failing to pay Plaintiff REZA SHARIFZADEH the entire amounts due to Plaintiff REZA SHARIFZADEH, as follows: $8,000.00 for unpaid rent monthly since May 2019, plus the yearly rental increase and

income percentages as provided under the Lease, as Amended.

23. Although demand therefor has been made in accordance with the AGREEMENT, Defendants have failed or refused to fully honor their financial obligations vis-à-vis Plaintiff REZA SHARIFZADEH.

24. As a direct, substantial, proximate and legal result of Defendants' breach of contract, Plaintiff REZA SHARIFZADEH has sustained damages in excess of the jurisdictional amount of this court, subject to proof.

25. Pursuant to California Civil Code Sections 1717.5, California Civil Code Sections 3287 and 3289, Plaintiff REZA SHARIFZADEH is entitled to interest at the rate of 10% per annum on the unpaid amounts, from at least May 2019, plus attorney's fees, penalties, costs and interest pursuant to California law.

## SECOND CAUSE OF ACTION

## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(Against FRED CHAMANARA, an individual; and Does 1 through 20)

26. Plaintiff REZA SHARIFZADEH re-alleges and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 25 as though set forth in full herein.

27. The verbal, written and implied-in-facts agreements alleged to have been formed between Plaintiff REZA SHARIFZADEH, on one hand, and Defendant FRED CHAMANARA, and Does 1 through 10, inclusive, on the other hand, contain an implied covenant of good faith and fair dealing that obligate the Defendant FRED CHAMANARA, and Does 1 through 10, inclusive, to perform the terms and conditions of the agreement vis-à-vis Plaintiff REZA SHARIFZADEH fairly and in good faith. Defendant FRED CHAMANARA, and Does 1 through 10, inclusive, were and are required to do nothing that would deprive the Plaintiff REZA SHARIFZADEH of his rights and benefits under the agreement(s) with Defendant FRED CHAMANARA, and Does 1 through 10, inclusive.

28. By virtue of their conduct as alleged herein, Defendant FRED CHAMANARA, and Does 1 through 10, inclusive, breached the implied covenant of good faith and fair dealing and

such breach was and is material.

29. Plaintiff REZA SHARIFZADEH has been damaged as a direct and proximate result of the breach of the agreements existing between the parties, which breach was on the part of Defendant FRED CHAMANARA, and Does 1 through 10, inclusive. The exact amount of the damage is presently unknown to Plaintiff REZA SHARIFZADEH, but is in excess of the jurisdictional amount of this Court.

## III. PRAYER FOR JUDGMENT

**WHEREFORE**, Plaintiff REZA SHARIFZADEH prays for judgment against Defendant FRED CHAMANARA, an individual, and Does 1 through 10, inclusive, and each of them as follows:

ON THE FIRST CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT:

1. Consequential damages according to proof;
2. Compensatory damages according to proof;

ON THE SECOND CAUSE OF ACTION FOR COVENANT OF GOOD FAITH AND FAIR DEALING:

3. For compensatory damages according to proof;

ON ALL CAUSES OF ACTION:

4. For interest at the legal rate;
5. Attorneys' fees;
6. For costs of suit herein incurred; and
7. For such other and further relief as this court may deem just and proper.

DATED: September 24, 2019  **MASSERAT LAW GROUP**

By: /s/ Sassan Masserat
Sassan Masserat, Esq.
Attorney for Plaintiff
REZA SHARIFZADEH

**DEMAND FOR TRIAL BY JURY**

DATED: September 24, 2019  **MASSERAT LAW GROUP**

By: /s/ Sassan Masserat
Sassan Masserat
Attorney for Plaintiff
REZA SHARIFZADEH

Sharifzadeh v. Chamanara et al.

7

COMPLAINT FOR BREACH OF CONTRACT